**Yong Guang WENG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–2374–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 27, 2005.

Gerald Karikari, Fengling Liu, New York, New York, for appellant.

Kathleen M. Mehltretter, Acting United States Attorney, Western District of New York, Lynn S. Edelman, Assistant United States Attorney, Buffalo, New York, for Appellees.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

SUMMARY ORDER

Yong Guang Weng ("Weng"), through counsel, petitions this Court for review of the BIA decision adopting and affirming the decision of an immigration judge ("IJ") denying his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

Here, the IJ found Weng's testimony incredible based on the contradictory and implausible nature of his testimony. Specifically, the IJ found Weng's testimony about the timing of his wife's abortion and sterilization, and his escape from Chinese officials, to be inconsistent with his application and a letter submitted from his wife. Further, the IJ considered Weng's testimony regarding the record of his wife's medical appointments internally inconsistent, and the testimony of his escape implausible. Because the IJ's adverse credibility finding was based on specific examples of inherently improbable testimony and "contradictory evidence," *see Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*), the BIA properly affirmed the IJ's decision.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

As Weng has not satisfied the standard for granting asylum, he cannot meet the higher standard for granting withholding of removal. *See Ramsameachire,* 357 F.3d at 178. Moreover, Weng failed to establish that it was more likely than not that he would be tortured if returned to China, and, therefore, his claims under the CAT fail as well. 8 C.F.R. § 208.16(c)(2); *see also Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 116 (2d Cir.2005).

Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument in this proceeding is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).